### OWENS v. FARMERS' BANK OF ABBEVILLE.

(Circuit Court of Appeals, Fourth Circuit. December 17, 1915.)

#### No. 1393.

BANKRUPTCY ☞306—APPEAL—REVIEW—QUESTIONS OF FACT.

In an action by a trustee in bankruptcy to set aside an alleged preferential transfer made within four months prior to bankruptcy, whether the transferee had knowledge or reasonable cause to believe that the transferror was insolvent at the time of the transfer was a question of fact, and the finding of the referee and District Judge would not be disturbed, in the absence of a preponderance of opposing proof.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ☞306.]

Appeal from the District Court of the United States for the Eastern District of South Carolina, at Charleston, in Bankruptcy; Henry A. Middleton Smith, Judge.

Action by Robert S. Owens, trustee in bankruptcy of the estate of the Abbeville Lumber Company, against the Farmers' Bank of Abbeville. From a decree for defendant, plaintiff appeals. Affirmed.

J. M. Nickles, of Abbeville, S. C., for appellant.
William P. Greene, of Abbeville, S. C., for appellee.

Before KNAPP and WOODS, Circuit Judges, and DAYTON, District Judge.

PER CURIAM. The referee found as a conclusion of fact that the appellee bank had no knowledge or reasonable cause to believe that

---

the lumber company was insolvent when, on September 8, 1914, and within four months prior to its bankruptcy, it transferred to the bank a certain $1,000 note to apply upon or as security for a pre-existing debt. Accordingly he reported that the proceeds of the note, which had matured in the meantime and been paid into court, should be turned over to the bank. His report was approved and confirmed by the court below, and the trustee in bankruptcy thereupon brought this appeal.

The question presented is purely one of fact, and we are not persuaded that it has been erroneously decided. It appears to be true, as the appellant contends, that the particular facts testified to by the witnesses are undisputed; but it does not follow, and we cannot agree, that these facts are so convincing or of such probative force as to furnish no support for the inferences drawn by the referee and the learned District Judge. On the contrary, a careful review of the testimony satisfies us that there was at least a fair probability, taking all the circumstances into account, that the bank had no reasonable cause to believe, when the note in question was transferred, that the lumber company was insolvent, or that the transaction would give the bank an unlawful preference over other creditors. Certainly there is no such preponderance of opposing proof as to warrant a reversal by this court on the controlling question of fact.

The decree appealed from must therefore be affirmed.